UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE NOELIA SABALLOS ROSALES,<br><br>    Petitioner,<br><br>    v.<br><br>KRISTI NOEM, Secretary of Homeland Security;<br>PAMELA BONDI, Attorney General of the United States;<br>TODD LYONS, Acting Director of United States Immigration and Customs Enforcement;<br>FERETI SEMAIA, Warden, Adelanto ICE Processing Center<br>ERNESTO SANTACRUZ, Acting Field Office Director of the Los Angeles Immigration and Customs Enforcement Office,<br><br>    Respondents. | Case No. 5:26-cv-00112-JWH-MBK<br><br>**ORDER GRANTING PETITIONER'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER [ECF No. 1]** |

Petitioner Katherine Noelia Saballos Rosales filed a petition for a writ of habeas corpus against Respondents Kristi Noem, Pamela Bondi, Todd Lyons, Fereti Samai, and Ernesto Santacruz for unconstitutionally detaining her at her recent check-in at an Immigration and Customs Enforcement ("ICE") field office.[1]

Before the Court is Rosales's *ex parte* application for a temporary restraining order ("TRO") compelling her immediate release from ICE detention and barring re-detention unless and until Respondents prove by clear and convincing evidence, at a bond hearing before a neutral arbitrator, that she is either a danger to her community or a flight risk.[2] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers of record,[3] the Court **GRANTS** the Application, for the reasons set forth below.

## I. BACKGROUND

### A. Factual Allegations

Rosales is seeking asylum in the United States because she was allegedly persecuted by the Nicaraguan government and she fears that she will be imprisoned, tortured, or executed because of her political beliefs if she is forced to return to Nicaragua.[4]

In December 2022 Rosales was taken into custody by ICE, but she was released one week later after ICE determined that she was "neither a flight risk

---

[1]  Pet. for Writ of Habeas Corpus (the "Petition") [ECF No. 2].
[2]  Pet.'s *Ex Parte* Appl. for TRO (the "Application") [ECF No. 2].
[3]  The Court considered the following documents of record: (1) Petition; (2) Application; (3) Resps.' Response to the Petition and the Application (the "Response") [ECF No. 8]; and (4) Pet.'s Reply in Supp. of the Petition and the Application [ECF No. 10].
[4]  Petition ¶ 2.

nor a threat to others."[5]  The stated reason for her parole was "time in custody constraints" at the detention facility.[6]  Since her release, Rosales alleges that she has no criminal record.[7]

In September 2025 Rosales was re-arrested and re-detained when she appeared at her ICE check-in appointment, but she did not receive any notice specifying why she was re-detained.[8]

**B.     Procedural History**

On January 9, 2026, Rosales filed her Habeas Petition and TRO.  One week later, Respondents filed their response.[9]  In that document, Respondents stated that they had scheduled a bond hearing for Rosales before the Immigration Court on January 23, 2026.[10]  Accordingly, the Court directed the parties to file a joint status report no later than January 26, 2026.[11]

In that Status Report, Respondents provided the order by the Immigration Judge, which states:[12]

> After full consideration of the evidence presented, [Rosales's] request for a change in custody status is hereby ordered:
>
> Denied, because
>
> INA section 235(b).  The court in Bautista v. Noem, 5:25-cv-01873-SSS-BFM (C.D. Cal.), granted class

---

[5]   *Id.* at ¶ 3.
[6]   *Id.*
[7]   *Id.* at ¶ 4.
[8]   *Id.* at ¶ 5.
[9]   Response.
[10]  *Id.* at 1:14–16.
[11]  Scheduling Notice & Order [ECF No. 11].
[12]  Joint Status Report (the "Status Report") [ECF No. 12].

certification and partial summary judgment for the plaintiffs in that case, but did not issue a class-wide declaratory judgment. The court also did not issue a class-wide injunction. Rather, the court set a January 9, 2026 joint status report deadline and January 16, 2026 status conference. Until and unless the Bautista court issues a class-wide declaratory judgment or injunction, the Bautista court's opinion and partial grant of summary judgment does not constitute a judgment. *See, e.g.*, Fed. R. Civ. P. 54(b) (second sentence).[13]

## II. LEGAL STANDARD

To obtain a temporary restraining order, a plaintiff must establish the same elements as when she seeks a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Those elements are: (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. *See BOKF, NA v. Estes* 923 F.3d 558, 561-62 (9th Cir. 2019).

## III. ANALYSIS

### A.  Likelihood of Success on the Merits

The Court finds that Rosales is likely to succeed on the merits. Through her Application, Rosales alleges that Respondents have violated her procedural Due Process rights. The Court finds that Rosales's procedural Due Process rights have indeed been violated.

The Court must begin by determining if Due Process applies to Rosales. "The Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or

---

[13]  *Id.*, Ex. A.

-4-

permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Here, the Court concludes that Rosales has a right to Due Process because she is a person within the United States.

After determining that Due Process applies, the outstanding question is "what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). "The constitution typically requires some kind of a hearing before the State deprives a person of liberty or property, particularly because the loss of liberty cannot be fully compensated after the fact." *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *5 (N.D. Cal. Sept. 12, 2025) (citation and quotation omitted). When determining what procedures are required by Due Process, a district court applies the three-part *Mathews* test, which involves an analysis of the following: (1) "the private interest" at stake; (2) "the risk of an erroneous deprivation" without additional procedures; and "the probable value . . . of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens imposed by the additional procedures." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

### 1. Private Interest at Stake

When determining the private interest at stake, the court looks to the degree of potential deprivation. *See Nozzi v. Hous. Auth. of City of Los Angeles*, 806 F.3d 1178, 1193 (9th Cir. 2015). Here, the degree of potential deprivation is high because Rosales has been completely deprived of physical liberty. Because the degree of potential deprivation is high, this factor favors Rosales.

### 2. Risk of Erroneous Deprivation

"[T]he risk of an erroneous deprivation [of liberty] is high" when the petitioner "has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). "Due Process protects against immigration detention that is not reasonably related to

the legitimate purpose of effectuating removal or protecting against danger and flight risk." *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) (citing *Zadvydas*, 533 U.S. at 690–94)). Here, Respondents took Rosales into immigration custody without notice or warning after she arrived for her check-in, without providing her with any opportunity to contest her detention before a neutral decisionmaker. Without a bond or custody hearing on the merits, the risk of erroneous deprivation is high.

Additionally, Respondents represented that they would provide Rosales with a bond hearing,[14] but they did not. Instead, the Immigration Judge articulated why, in his view, the order granting summary judgment and class certification in *Bautista* do not require that Rosales receive a bond hearing.[15] That decision served only to delay this Court's ruling on Rosales's Application and to extend her detention—a detention that likely violates Rosales's constitutional Due Process rights.

Therefore, this factor favors Rosales.

### 3. Government's Interest

To determine the Government's interest, the Court must look at the function involved and the fiscal and administrative burdens imposed by the additional procedures. Here, the Court finds that the Government's interest in detaining Rosales without providing notice and hearing is minimal because the effort and cost required to provide Rosales with procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Because the Government's burden is low, this factor favors Rosales.

The Court, having found that all *Mathews* factors favor Rosales, concludes that procedural Due Process requires a pre-deprivation hearing on the merits

---

[14] *See* Response.

[15] *See* Status Report.

before an Immigration Judge prior to detention, or a post-deprivation hearing on merits within seven days of detention. That hearing must occur before an Immigration Judge, and Respondents have the burden of demonstrating, by clear and convincing evidence, that Rosales is a danger to the community or a flight risk. *See Jensen v. Garland*, 2023 WL 3246522, at *7 (C.D. Cal. May 3, 2023). In the absence of such a showing, Rosales must be released.

Because Rosales was denied both a pre- and post-deprivation hearing on the merits before an Immigration Judge, the Court finds that Rosales is likely to succeed on the merits of her procedural Due Process claim.

### B.     Irreparable Harm

The Court finds that Rosales is likely to suffer irreparable harm in the absence of preliminary relief. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Here, Rosales is in ICE custody, and she has not been afforded the opportunity to be heard by a neutral decisionmaker on whether detention is warranted. Without such review, it is possible for Rosales to remain in custody indefinitely. Therefore, Rosales's procedural Due Process rights have been violated, and she will likely suffer irreparable harm in the absence of a TRO.

### C.     Balance of Equities and Public Interest

Finally, the Court finds that the balance of equities tips in Rosales's favor and that a TRO is in the public interest. In a case in which "the Government is the opposing party," the third and fourth factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009). In determining a balance of the equities, "[t]he government . . . cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023). Furthermore, "it is always in the public interest to prevent the violation of a party's constitutional rights."

-7-

*Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).  Here, the balance of equities favors Rosales because Respondents cannot assert that they are being harmed by being enjoined from committing constitutional violations.  Likewise, a TRO is in the public interest because it will prevent continued violation of Rosales's constitutional rights.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Rosales's Application for Temporary Restraining Order [ECF No. 1] is **GRANTED in part** and **DENIED in part**.  The hearing on Rosales's Application set for January 27, 2026, is **VACATED**.

2. Specifically, Respondents are **TEMPORARILY ENJOINED AND RESTRAINED** from continuing to detain Rosales without a bond hearing on the merits.  Respondents are **DIRECTED** to provide Rosales with a bond hearing on the merits, before an Immigration Judge, no later than February 2, 2026.  At that bond hearing, Respondents must prove by clear and convincing evidence that Rosales is a flight risk or a danger to the community.  In the absence of such a showing, Respondents are **DIRECTED** to release Rosales **FORTHWITH**.

3. To the extent that Rosales requests other relief in her Application, that request is **DENIED without prejudice**.

4. An Order to Show Cause Hearing on why a preliminary injunction should not be issued is **SET** for February 9, 2026, at 2:00 p.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.  Counsel for the parties are **DIRECTED** to attend that hearing in person.

5. Respondents are **ORDERED** to **SHOW CAUSE** in writing by February 4, 2026, why a preliminary injunction should not issue.

6.  Rosales is **GRANTED** leave to file an optional response by 12:00 noon on February 6, 2026.

**IT IS SO ORDERED.**

Dated: January 26, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE