# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES—
# GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00112-JWH-MBK | Date | February 4, 2026 |
| Title | *Ketherine Noelia Saballos Rosales v. Kristi Noem, et al.* | | |

---

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER TO SHOW CAUSE REGARDING WHETHER THE INSTANT CASE SHOULD BE DISMISSED AS MOOT**

## I. BACKGROUND

On January 9, 2026, Petitioner Ketherine Noelia Saballos Rosales filed a petition for a writ of habeas corpus.[1] That same day, Rosales filed her application for a temporary restraining order.[2] One week later, Respondents filed their response,[3] in which they represented that they had scheduled a bond hearing for

---

[1] Pet. for Writ of Habeas Corpus (the "Habeas Petition") [ECF No. 2]; *see also* First Am. Habeas Petition [ECF No. 5].

[2] Pet.'s *Ex Parte* Appl. for TRO (the "Application") [ECF No. 1].

[3] Response to Habeas Petition [ECF No. 8].

Rosales before the Immigration Court on January 23, 2026.[4] Accordingly, the Court directed the parties to file a Joint Status Report on January 26, 2026.[5]

On January 26, 2026, Respondents filed a Status Report representing that Rosales had received a bond hearing.[6] Upon reviewing the Status Report, however, the Court determined that Rosales did not receive a bond hearing on the merits. Accordingly, the Court granted Rosales' TRO and ordered Respondents to provide Rosales with a bond hearing by February 2, 2026.[7]

On February 3, 2026, Rosales filed a Status Report stating that she received a bond hearing and that the Immigration Judge ("IJ") denied her bond.[8] In her Status Report, Rosales provided a copy of the order from the IJ from the second bond hearing.[9] In that order, the IJ states that Rosales's application was denied "[a]fter full consideration of the evidence presented" because Rosales was determined to be a flight risk.[10]

## II. LEGAL STANDARD

Federal courts have limited jurisdiction, possessing only the power authorized by Article III of the Constitution and the related statutes Congress has passed. *See Espinoza v. Union of Am. Physicians & Dentists, AFSCME Loc. 206*, 562 F. Supp. 3d 904, 910 (C.D. Cal. 2022), *aff'd*, 2023 WL 6971456 (9th Cir. Oct. 23, 2023) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Standing is a jurisdictional limitation and is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)

---

[4]   *Id.* at 1:14–18.

[5]   Sched. Not. & Order [ECF No. 11].

[6]   *See generally* Status Report re IJ Bond Hearing Denial [ECF No. 12].

[7]   *See* Order Granting TRO [ECF No. 13].

[8]   Status Report re Bond Denial Re TRO [ECF No. 15].

[9]   *Id.*, Ex. A (Order of the Immigration Judge).

[10]  *Id.*

(internal quotation omitted). A case is moot when: (1) "the issues presented are no longer live"; or (2) the parties lack a "legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). When a case becomes moot, the district court is "required to dismiss it." *Dufresne v. Veneman*, 114 F.3d 952, 954 (9th Cir. 1997).

### III. ANALYSIS

It appears to the Court that this case may be moot. Rosales, through her Application, asked the Court to enjoin Respondents and to order them to provide her with a bond hearing on the merits within seven days, at which Respondents must prove by clear and convincing evidence that she poses a danger to the community or is a flight risk.[11] The IJ conducted a bond hearing and determined that Rosales was a flight risk. This Court cannot provide Rosales with further relief from the IJ's decision unless and until she has exhausted her administrative remedies. *See State of California* ex rel. *Christensen v. F.T.C.*, 549 F.2d 1321 (9th Cir.), *cert. denied*, 434 U.S. 876 (1977) (citing *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41 (1938)).

### IV. DISPOSITION

For those reasons, the Court hereby **ORDERS** as follows:

1. Rosales is **ORDERED** to **SHOW CAUSE** in writing no later than February 20, 2026, why this case should not be dismissed as moot.

2. A hearing on this Order to Show Cause is **SET** for March 6, 2026, at 11:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California. Counsel for the parties are **DIRECTED** to appear in person at that date and time.

---

[11] Application 1:3–10.

3. The hearing on the Order to Show Cause why a preliminary injunction should not be issued is **CONTINUED** to March 6, 2026, at 11:00 a.m.

**IT IS SO ORDERED.**