UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE NOELIA SABALLOS ROSALES,<br><br>    Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of Homeland Security;<br>PAMELA BONDI, Attorney General of the United States;<br>TODD LYONS, Acting Director of United States Immigration and Customs Enforcement;<br>FERETI SEMAIA, Warden, Adelanto ICE Processing Center;<br>ERNESTO SANTACRUZ, Acting Field Office Director of the Los Angeles Immigration and Customs Enforcement Office,<br><br>    Respondents. | Case No. 5:26-cv-00112-JWH-MBK<br><br>**ORDER GRANTING IN PART PETITIONER'S APPLICATION FOR A PRELIMINARY JUNCTION**<br>**[ECF No. 1]** |

Petitioner Katherine Noelia Saballos Rosales filed a petition for a writ of habeas corpus against Respondents Kristi Noem, Pamela Bondi, Todd Lyons, Fereti Semaia, and Ernesto Santacruz for allegedly unconstitutionally detaining her at her recent check-in at an Immigration and Customs Enforcement ("ICE") field office.[1]

Before the Court is Rosales's *ex parte* application for a temporary restraining order ("TRO") and preliminary injunction ("PI").[2] On January 26, 2026, the Court granted Rosales's Application and issued a TRO enjoining ICE from continuing to detain Rosales without a bond hearing on the merits before an Immigration Judge ("IJ").[3] In that Order, the Court directed Respondents to show cause in writing why a preliminary injunction should not issue.[4] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons set forth below, the Court **GRANTS in part** Rosales's Application for a preliminary injunction.

### I. BACKGROUND

A. **Factual Allegations**

Rosales is seeking asylum in the United States because she was allegedly persecuted by the Nicaraguan government and she fears that she will be imprisoned, tortured, or executed because of her political beliefs if she is forced to return to Nicaragua.[5]

---

[1] Pet.'s First Am. Pet. for Writ of Habeas Corpus (the "Petition") [ECF No. 5].

[2] Pet.'s *Ex Parte* Appl. for TRO & PI (the "Application") [ECF No. 1].

[3] Order Granting the Application (the "Order") [ECF No. 13].

[4] *Id.*

[5] Petition ¶ 2.

In December 2022 Rosales was taken into custody by ICE, but she was released one week later, after ICE determined that she was "neither a flight risk nor a threat to others."[6] The stated reason for her parole was "time in custody constraints" at the detention facility.[7] Rosales alleges that, since her release, she has accrued no criminal record.[8]

In September 2025 Rosales was re-arrested and re-detained when she appeared at her ICE check-in appointment, but she did not receive any notice specifying why she was re-detained.[9]

**B.  Procedural History**

On January 9, 2026, Rosales filed her Habeas Petition and TRO. One week later, Respondents filed their response.[10] In that document, Respondents stated that they had scheduled a bond hearing for Rosales before the Immigration Court on January 23, 2026.[11] Accordingly, the Court directed the parties to file a Joint Status Report no later than January 26, 2026.[12]

In that Status Report, Respondents provided the order by the IJ, which states as follows:[13]

> After full consideration of the evidence presented, [Rosales's] request for a change in custody status is hereby ordered:
>
> Denied, because

---

[6]   *Id.* at ¶ 3.
[7]   *Id.*
[8]   *Id.* at ¶ 4.
[9]   *Id.* at ¶ 5.
[10]  Resp.'s Response to the Petition (the "Response") [ECF No. 8].
[11]  *Id.* at 1:14–18.
[12]  Scheduling Notice & Order [ECF No. 11].
[13]  Joint Status Report (the "Status Report") [ECF No. 12].

INA section 235(b). The court in Bautista v. Noem, 5:25-cv-01873-SSS-BFM (C.D. Cal.), granted class certification and partial summary judgment for the plaintiffs in that case, but did not issue a class-wide declaratory judgment. The court also did not issue a class-wide injunction. Rather, the court set a January 9, 2026 joint status report deadline and January 16, 2026 status conference. Until and unless the Bautista court issues a class-wide declaratory judgment or injunction, the Bautista court's opinion and partial grant of summary judgment does not constitute a judgment. *See, e.g.*, Fed. R. Civ. P. 54(b) (second sentence).[14]

On January 26, 2026, the Court granted Rosales's Application for a TRO and ordered Respondents to provide Rosales with a bond hearing on the merits before an IJ, wherein Respondents must prove by clear and convincing evidence that Rosales is a flight risk or danger to the community.[15] The Court granted Rosales's Application for a TRO because Respondents had represented that they would provide Rosales with a bond hearing,[16] but they did not. Instead, the IJ articulated why, in his view, the order granting summary judgment and class certification in *Bautista* does not require that Rosales receive a bond hearing.[17] That decision served only to delay this Court's ruling on Rosales's Application and to extend her detention—a detention that likely violates Rosales's constitutional Due Process rights. Additionally, the Court ordered Respondents

---

[14]  *Id.*, Ex. A.

[15]  Order Granting Pet.'s Application (the "Order") [ECF No. 13].

[16]  *See* Response.

[17]  *See* Status Report.

-4-

to show cause by February 4, 2026, why a preliminary injunction should not issue.[18]

On February 3, 2026, Rosales filed another status report indicating that she received a bond hearing on January 30, 2026, and explaining that "Respondents' burden of proof required by this Court was not mentioned."[19]

The next day, the Court issued an order to show cause whether the instant Petition should be dismissed as moot.[20] Since that time, Rosales has filed two responses and a supplemental brief.[21] In her Response, Rosales challenges the procedure that she was afforded by the IJ.[22]

In her Supplement, Rosales invites the Court's attention to *Hasratyan v. Bondi*, 2026 WL 288909 (C.D. Cal. Feb. 2, 2026). In that case, the petitioner filed a petition for writ of habeas corpus on Fifth Amendment Due Process grounds and applied for a temporary restraining order for immediate release after ICE detained the petitioner at a regularly scheduled check-in. *See id*. The *Hasratyan* court explained that the petitioner was likely to succeed on the merits because she "should have been afforded a pre-detention hearing." *Id*. at *3. Furthermore, the court concluded that the risk of erroneous deprivation was "unacceptably high" because:

> the process Petitioner received at her January 2026 bond hearing before the immigration judge was deficient. Any remedy to that

---

[18] *Id*.

[19] Status Report re Bond Denial [ECF No. 15].

[20] OSC re Dismissal as Moot (the "OSC") [ECF No. 16].

[21] Pet.'s Response in Supp. of the Application [ECF No. 17]; Pet.'s Response to the OSC [ECF No. 19] ("Petitioner's Response"); Pet.'s Not. of Supp. Authorities in Supp. of Petitioner's Response (the "Supplement") [ECF No. 22].

[22] Petitioner's Response 17:4–23:21.

-5-

> deficiency by way of review by the Board of Immigration Appeals is doubtlessly months away. Accordingly, the post-detention process Petitioner received and will receive is no substitute for the pre-detention process she was owed.

*Id.* at *4. Ultimately, the *Hasratyan* court granted the petitioner's request for a TRO and ordered her immediate release. *See id.* at *6.

## II.  LEGAL STANDARD

To obtain a preliminary injunction, Rosales must establish: (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. *See BOKF, NA v. Estes*, 923 F.3d 558, 561-62 (9th Cir. 2019).

## III.  ANALYSIS

### A.  Likelihood of Success on the Merits

The Court finds that Rosales is likely to succeed on the merits. Through her Application, Rosales alleges that Respondents have violated her procedural Due Process rights. The Court finds that Rosales's procedural Due Process rights have indeed been violated.

The Court must begin by determining if Due Process applies to Rosales. "The Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Here, the Court concludes that Rosales has a right to Due Process because she is a person within the United States.

After determining that Due Process applies, the outstanding question is "what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). "Just as people on pre-parole, parole, and probation status have a liberty interest, so too does [a noncitizen] have a liberty interest in remaining out of custody on bond."

*Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019); *accord Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases for the proposition that "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody"). "The constitution typically requires some kind of a hearing before the State deprives a person of liberty or property, particularly because the loss of liberty cannot be fully compensated after the fact." *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *5 (N.D. Cal. Sept. 12, 2025) (citation and quotation omitted).

When determining what procedures are required by Due Process, a district court applies the three-part *Mathews* test, which involves an analysis of the following: (1) "the private interest" at stake; (2) "the risk of an erroneous deprivation" without additional procedures; and "the probable value . . . of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens imposed by the additional procedures." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

### 1. Private Interest at Stake

When determining the private interest at stake, the court looks to the degree of potential deprivation. *See Nozzi v. Hous. Auth. of City of Los Angeles*, 806 F.3d 1178, 1193 (9th Cir. 2015). Here, the degree of potential deprivation is high because Rosales has been completely deprived of physical liberty. Because the degree of potential deprivation is high, this factor favors Rosales.

### 2. Risk of Erroneous Deprivation

"There is an unacceptably high risk that the government would erroneously deprive—or already has erroneously deprived—Petitioner of her liberty interest absent a pre-detention hearing." *Hasratyan*, 2026 WL 288909, at *3. "Due Process protects against immigration detention that is not

reasonably related to the legitimate purpose of effectuating removal or protecting against danger and flight risk." *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) (citing *Zadvydas*, 533 U.S. at 690–94)).

    Here, Respondents took Rosales into immigration custody without notice or warning after she arrived for her check-in, without providing her with any opportunity to contest her detention before a neutral decisionmaker. Without a bond or custody hearing on the merits, the risk of erroneous deprivation is high.

    Additionally, Respondents represented that they would provide Rosales with a bond hearing,[23] but they did not. Instead, the IJ articulated why, in his view, the order granting summary judgment and class certification in *Bautista* does not require that Rosales receive a bond hearing.[24] That decision served only to delay this Court's ruling on Rosales's Application and to extend her detention—a detention that likely violates Rosales's constitutional Due Process rights.

    Even after the Court ordered that Respondents must provide Rosales with a procedurally proper bond hearing,[25] there is still a dispute in the record regarding whether Rosales was afforded adequate process at her January 30, 2026, bond hearing.[26] Additionally, like in *Hasratyan*, any remedy that Rosales may seek regarding the deficiency of the bond hearing by way of review by the BIA is "doubtlessly months away." *Hasratyan*, 2026 WL 288909, at *4. In the

---

[23]   *See* Response.

[24]   *See* Status Report.

[25]   *See* Order.

[26]   The Court confines its analysis of the adequacy of this process to the evaluation of this *Mathews* factor. The Court does not purport to have direct review authority over the decision of an IJ. *See* 8 U.S.C. § 1226(e). Nor does the Court opine that the IJ made a substantively, as opposed to procedurally, erroneous decision.

absence of a response by Respondents, the post-detention process that Rosales did receive, and will receive, "is no substitute for the pre-detention process she was owed." *Id.*

Therefore, this factor favors Rosales.

### 3. Government's Interest

To determine the Government's interest, the Court must look at the function involved and the fiscal and administrative burdens imposed by the additional procedures. Here, the Court finds that the Government's interest in detaining Rosales without providing notice and hearing is minimal because the effort and cost required to provide Rosales with procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025); *accord J.A.E.M. v. Wofford*, 2025 WL 3013377, at *7 (E.D. Cal. Oct. 27, 2025) ("In immigration court, custody hearings are routine and impose a minimal cost. If the government wishes to re-arrest petitioner at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." (citation modified)). Nor is there any "meaningful countervailing government interest that supports detaining previously paroled noncitizens" like Rosales. *See Hasratyan*, 2026 WL 288909, at *4. Because the Government's burden is low, this factor favors Rosales.

The Court, having found that all *Mathews* factors favor Rosales, concludes that procedural Due Process requires a pre-deprivation hearing on the merits. In the absence of such a showing, Rosales must be released.

Because Rosales was denied a pre-deprivation hearing on the merits, the Court finds that Rosales is likely to succeed on the merits of her procedural Due Process claim.[27]

---

[27] The Court notes that this finding is a departure from its previously issued Order. However, the activities of the Department of Homeland Security have led to a significant increase in the body of case law since the Court issued its

B. **Irreparable Harm**

The Court finds that Rosales is likely to suffer irreparable harm in the absence of preliminary relief. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Here, Rosales is in ICE custody, and she has not been afforded the opportunity to be heard by a neutral decisionmaker on whether detention is warranted. Without such review, it is possible for Rosales to remain in custody indefinitely. Therefore, Rosales's procedural Due Process rights have been violated, and she will likely suffer irreparable harm in the absence of a preliminary injunction.

C. **Balance of Equities and Public Interest**

Finally, the Court finds that the balance of equities tips in Rosales's favor and that a preliminary injunction is in the public interest. In a case in which "the Government is the opposing party," the third and fourth factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009). In determining a balance of the equities, "[t]he government . . . cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023). Furthermore, "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). Here, the balance of equities favors Rosales because Respondents cannot assert that they are being harmed by being enjoined from committing constitutional violations. Likewise, a preliminary injunction is in the public interest because it will prevent continued violation of Rosales's constitutional rights.

---

initial Order, and the Court has updated its ruling to follow other courts within this District.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Rosales's Application for Preliminary Injunction [ECF No. 1] is **GRANTED in part** and **DENIED in part**.

2. Respondents are **PRELIMINARILY ENJOINED** from continuing to detain Rosales.

3. Respondents are **DIRECTED** to release Rosales **FORTHWITH** under the terms and conditions of her existing release, as if Rosales had not been detained.  This Order does not provide Rosales with blanket immunity from future detention—that relief is likely beyond the Court's jurisdiction—but any future enforcement actions after release must comply with Due Process requirements of *at least* a pre-detention hearing before a neutral adjudicator.

4. To the extent that Rosales requests other relief in her Application, that request is **DENIED without prejudice**.

5. Pursuant to General Order No. 05-07, further proceedings on the merits of the Petition are **REFERRED** to the assigned Magistrate Judge.

**IT IS SO ORDERED.**

Dated: March 16, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE