**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

KATHERINE NOELIA SABALLOS ROSALES,
Petitioner,
v.
KRISTI NOEM, et al.,
Respondents.

Case No. 5:26-cv-00112-MBK

ORDER GRANTING PETITION AND ISSUING A WRIT OF HABEAS CORPUS

Petitioner Katherine Noelia Saballos Rosales, a native and citizen of Nicaragua, was in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility at the time she filed this action. Ms. Saballos Rosales fled to the United States in 2022 and was released by immigration authorities while she seeks protection under the asylum laws. On September 30, 2025, Ms. Saballos Rosales reported as instructed for a supervision appointment with Immigration and Customs Enforcement

("ICE"). When she arrived, ICE officers arrested Ms. Saballos Rosales and later transported her to Adelanto Detention Facility.

Ms. Saballos Rosales filed the instant habeas action on January 9, 2026. Ms. Saballos Rosales argues that her sudden re-detention and continued confinement violate due process and the Immigration and Nationality Act ("INA"). The previously-assigned District Judge issued a temporary restraining order ("TRO") finding that Petitioner's re-detention likely violated due process and ordered Respondents to provide Petitioner with a bond hearing before an Immigration Judge. The District Judge subsequently issued a preliminary injunction requiring Respondents to immediately release Petitioner from custody. Respondents filed an Answer in which they argue that the Petition is moot in light of Ms. Saballos Rosales' release, but do not contest the merits of her habeas claims.

For the reasons that follow, the Court concludes that the Petition is not moot and Petitioner is entitled to relief on her due process claims. The Court therefore grants the Petition and issues a writ of habeas corpus requiring Ms. Saballos Rosales' continued release and prohibiting her re-detention on the same terms as the preliminary relief issued by the District Judge.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Katherine Noelia Saballos is a native and citizen of Nicaragua. Dkt. 5 at 2. She fled Nicaragua to escape political persecution she experienced due to her activities in opposition to the Nicaraguan government. *Id.* On December 6, 2022, United States Border Patrol took Petitioner into custody, releasing her one week later, on December 13, 2026. *Id.* at 3. As part of her conditions of release, Petitioner was required to regularly report to ICE for periodic check-in appointments. *Id.* During her time in the United States,

Petitioner has developed strong community ties, remained law-abiding, and a devoted mother to her four children. *Id.* Immigration authorities have not notified Petitioner that she violated any of the conditions of her release or otherwise posed a threat to the community or a flight risk. *Id.*

On September 30, 2025, Ms. Saballos Rosales appeared as required for her scheduled appointment at the ICE Office. *Id.* Upon her arrival, ICE officers arrested and detained her. *Id.* Prior to her arrest and detention, Petitioner was not notified that she would be detained, that there were any material changed circumstances, or that she had violated any of the conditions of her parole. *Id.* at 3-4. Petitioner was subsequently transported to Adelanto Detention Facility, where she remained detained prior to the District Court's March 16, 2026 order requiring her release. Dkt. 23.

Petitioner filed the instant habeas petition on January 9, 2026. Dkt. 1. The same day, she filed a First Amended Petition. Dkt. 5. In the Amended Petition, Ms. Saballos Rosales alleges her sudden re-detention and continued confinement violate due process, the Fourth Amendment, and the Immigration and Nationality Act. *Id.* at 26-33. Petitioner also filed an ex parte application for a temporary restraining order on January 9, 2026. Dkt. 1. On January 26, 2026, the District Judge granted in part Petitioner's application for a temporary restraining order, requiring Respondents to provide Petitioner with a bond hearing. Dkt. 13. On March 16, 2026, the District Judge granted in part Petitioner's application for a preliminary injunction, ordering her immediate release. Dkt. 23. On March 17, 2026, the Court issued an Order requiring Respondents to answer the Petition on or before March 31, 2026. Dkt. 24. Respondents filed an answer to the Petition, arguing that the Petition is moot in light of Petitioner's release but not otherwise contesting the merits of Petitioner's habeas claims. Dkt. 25. Petitioner filed a reply. Dkt. 26.

Following Petitioner's release, this Court set a status conference for July 8, 2026, and issued an Order to Show Cause for the Parties to explain why the District Court's preliminary relief should not be converted to a final order and judgment granting the petition for the same reasons and on the same terms. Dkt. 27. At the status conference, the parties agreed to meet and confer on a final resolution of the case. Following the hearing, both parties consented to proceed before the undersigned Magistrate Judge for all purposes. Dkt. 28, 30.

The Court subsequently ordered the parties to file a status report to advise whether they had agreed to a final resolution of this matter. Dkt. 29. On July 15, 2026, the Parties filed a status report in which they stated that they were unable to reach agreement. Dkt. 31.

## II. DISCUSSION

The only issue in dispute at this stage in this case is whether Petitioner's release from custody pursuant to the TRO and preliminary injunction moots her claims to habeas relief. As it has in comparable cases that present the issue, the Court finds that this case is not moot. While Petitioner was released from custody pursuant to the District Court's preliminary injunction, that relief is, by definition, temporary and provides no lasting protection against Petitioner's re-detention. Because Petitioner remains subject to supervision by ICE and Respondents have not provided Petitioner any assurance she will not be re-detained in the future without the required procedural protections, she maintains a concrete interest in further habeas relief. Accordingly, the Court finds that the case is not moot, grants the Petition, and prevents Respondents from re-detaining Petitioner again in the future without following the requisite procedures.

**A. This Case is not Moot**

Petitioner was released from immigration detention on March 16, 2026, pursuant to the District Court's preliminary injunction. Dkt. 23. Respondents contend that Petitioner's release from custody rendered her habeas claims moot. Dkt. 25.

Courts in this District have reached differing conclusions on whether a petitioner's release from custody pursuant to a TRO or preliminary injunction moots the habeas petition, with the majority finding that preliminary relief does not moot the petition. *Compare Hernandez Trujillo v. Janecka*, No. 25-cv-3002 FMO-SSC, 2026 WL 84314, at *1 (C.D. Cal. Jan. 12, 2026) (finding case moot due to petitioner's release) *with Cruz v. Lyons*, No. 5:25-CV-02879-MCS-MBK, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025) (finding case is not moot); *M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2026 WL 127740, at *3-4 (C.D. Cal. Jan. 6, 2026) (same, and collecting cases). As this Court has previously found, the Court believes that the majority position best adheres to mootness principles and governing law. *See Y.L.S. v. Santacruz, Jr., et al.*, No. 5:25-cv-02927-CV-MBK, 2026 WL 734586, at *3 (C.D. Cal. Feb. 5, 2026), *adopted*, 2026 WL 710388 (C.D. Cal. Mar. 13, 2026).

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (cleaned up). However, "[a] defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 174 (2000). "Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends."

*Already, LLC*, 568 U.S. at 91. "Given this concern, our cases have explained that 'a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" *Id*. (quoting *Friends of the Earth, Inc*., 528 U.S. at 190).

Here, Respondents have ceased their allegedly unlawful conduct and released Petitioner—not of their own volition—but because the District Court ordered it. But the District Court's TRO and preliminary injunction, by definition, afford no permanent relief. If this case is dismissed as moot without further relief, Respondents will no longer be prohibited from re-detaining Petitioner without pre-deprivation process. Respondents provide no assurance they will not do so. Moreover, in this and other cases, Respondents continue to defend their claimed authority to detain noncitizens who had been released on OSUPs without any pre-deprivation process. Under these circumstances, it is not "absolutely clear" that Respondents' unlawful conduct will not recur.

For these reasons, in several cases, the Supreme Court and Ninth Circuit have found habeas petitioners' claims remain live even after their court-ordered release. In *Nielsen v. Preap*, a plurality of the Supreme Court concluded that the plaintiffs' release on bond pursuant to a preliminary injunction did not moot their detention claims. 586 U.S. 392, 403 (2019). It reasoned that "[u]nless that preliminary injunction was made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention." *Id. See also Clark v. Martinez*, 543 U.S. 371, 376 n.3 (2005) (holding that the petitioner's release "on a 1–year parole" did not moot his detention claims because his release was "not only limited to one year, but [also] subject to the Secretary's discretionary authority to

terminate”).

The Ninth Circuit has likewise found that a habeas petitioner’s claims remain live even where the petitioner was released at a bond hearing held pursuant to a preliminary injunction, the Ninth Circuit subsequently vacated the preliminary injunction, and the Government elected not to re-detain the petitioner in the intervening two years. *See Diouf v. Napolitano*, 634 F.3d 1081, 1084 n.3 (9th Cir. 2011), *reversed on other grounds by Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022). Even in such circumstances, “[t]he voluntary cessation exception to mootness applies because—absent action by this court—the government could redetain Diouf, and deny him a bond hearing, at any time.” *Id.*[1] *Accord Rodriguez v. Hayes*, 591 F.3d 1105, 1117 (9th Cir. 2010) (holding that the petitioner’s release on an order of supervision did not moot his detention claims because he was subject to ICE's discretionary authority to revoke his release) (citing *Clark*, 543 U.S. at 376 n.3). *See also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1195 n.2 (9th Cir. 2022) (holding that the “government’s compliance with the district court’s order” granting a habeas petition and requiring release of a petitioner “does not moot its appeal”).

As other decisions from this District have observed, the conclusion that preliminary habeas relief does not moot the petition is consistent with the nature of such relief. The District Court’s preliminary injunction was premised on its conclusion that Petitioner had shown she was “likely to succeed on the merits” of her procedural due process claim. Dkt. 23 at 9. But “to treat the TRO as mooting the case would [ ] imply the Court’s preliminary findings on likelihood of success substitute for final disposition on the merits.”

[1] “‘Vacated opinions remain persuasive, although not binding, authority.’ ” *Doe I v. Cisco Sys., Inc.*, 73 F.4th 700, 717 n.10 (9th Cir. 2023) (quoting *Spears v. Stewart*, 283 F.3d 992, 1017 n.16 (9th Cir. 2002) (en banc)).

*M.V.F.*, No. 2026 WL 127740, at *4 (emphasis in original).

Respondents' position would also have troubling consequences for habeas litigation and judicial review. Preliminary relief (and TROs, in particular) are frequently decided on extremely short timelines, with limited briefing and incomplete records. If a habeas petitioner's release pursuant to a TRO mooted their claims, the federal courts would lack jurisdiction to consider whether to issue no or different relief at the preliminary injunction stage or at final disposition, based on full briefing and a complete record. However, courts in this District routinely proceed to decide whether to issue a preliminary injunction after the petitioner was released pursuant to a TRO. *See Esmail v. Noem*, No. 2:25-cv-08325-WLH-RAO, 2025 WL 3030589, at *3 n.5 (C.D. Cal. Sep. 26, 2025) (rejecting the respondents' argument that the petitioner's release moots the case because, if true, "no court would issue a preliminary injunction following the grant of a TRO ordering a habeas petitioner's release, which is plainly not the case"). And, as discussed above, the weight of this authority in this District supports that the federal courts retain jurisdiction to decide a habeas petition even after the petitioner's court-ordered release on a temporary and preliminary basis.

**B. Due Process Prevents Petitioner's Re-Detention Absent Notice and a Hearing**

The District Court previously issued a reasoned decision finding that Respondents likely violated Petitioner's due process rights by revoking her parole without notice and an opportunity to be heard. Dkt. 23 at 6-10. Apart from arguing that the Petition is moot, Respondents do not contest Petitioner's claims on the merits or the District Court's preliminary injunction finding that Petitioner is likely to succeed on the merits of her due process claims. Respondents therefore do not demonstrate that the District Court's

decisions were clearly erroneous, or that any additional facts or intervening authority warrant reconsideration. *See Gonzalez v. Arizona*, 677 F.3d 383, 390 n.4 (9th Cir. 2012) (en banc) (under law of the case doctrine, "a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case," unless "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial") (internal citation omitted); *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agr.*, 499 F.3d 1108, 1114 (9th Cir. 2007) (recognizing that while generally "decisions at the preliminary injunction phase do not constitute the law of the case," there is an exception for "conclusions on pure issues of law").

Based on Respondents' non-opposition to Petitioner's claims, and for the reasons that the District Judge previously explained, the Court finds that Respondents violated due process by revoking Petitioner's parole without notice or an opportunity to be heard. *See* Dkt. 23 9-10. The Court concludes that Petitioner is entitled to habeas relief preventing her re-detention in the future absent the due process protections the District Court previously ordered.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner is entitled to habeas relief on her due process claims. Accordingly, the Court ORDERS the following: (1) Judgment be entered granting the Petition; and (2) a writ of habeas corpus be issued requiring Petitioner Katherine Noelia Saballos Rosales' (A# 246-332-617) continued release subject to her prior conditions of

supervision and preventing her re-detention without providing her a pre-deprivation hearing before a neutral decisionmaker.

Dated: August 21, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE